IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | |
| Plaintiff | : | No. 1:12-cv-01684 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JOHN E.WETZEL, et al., | : | (Magistrate Judge Schwab) |
| Defendants | : | |

## MEMORANDUM

Before the Court is a motion to dismiss on behalf of Defendants John E. Wetzel, Sergeant

Workinger, Jon Fisher, and the Pennsylvania Department of Corrections (Doc. No. 53),

Magistrate Judge Schwab's Report and Recommendation (Doc. No. 78), and objections thereto

filed by both parties (Doc. Nos. 79, 80.)  For the reasons that follow, the Court will adopt the

Report and Recommendation in part, and deny in part and grant in part Defendants' motion to

dismiss Plaintiff's amended complaint with prejudice.

## I.    BACKGROUND[1]

On April 30, 2013, Plaintiff filed an amended complaint, wherein he alleges that

Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States

Constitution, and also violated his rights under Title II of the Americans with Disabilities Act

(ADA) and the Rehabilitation Act of 1973 (RA).  (Doc. No. 39-3.)  On July 8, 2013, Defendants

moved to dismiss the amended complaint on the grounds it failed to state a claim.  (Doc. No. 53.)

On February 25, 2014, Magistrate Judge Scwhab issued a Report and Recommendation on

Defendants' pending motion to dismiss, wherein she recommended that the Court: (1) dismiss

---

[1] The complete factual and procedural background is set forth in the Report and
Recommendation, and the Court need not reproduce it here.

Defendant Wetzel from the action, (2) grant Defendants' motion to dismiss Count Two (failure

to train) and Count Three (denial of due process) of Plainitff's amended complaint, (3) grant

Defendant Fisher's motion to dismiss Count One (access to courts) of Plaintiff's amended

complaint, (4) deny Defendant Workinger's motion to dismiss Count One (access to courts) of

Plaintiff's amended complaint, (5) deny Defendant Pennsylvania Department of Corrections'

motion to dismiss Count Four (ADA) and Count Five (RA), and (6) refer the case back to

Magistrate Judge Schwab for pretrial management.  (Doc. No. 78.)  Plaintiff and Defendants

both timely filed objections to the Report and Recommendation.  (Doc. Nos. 79, 80.)  The matter

is now ripe for disposition.[2]

## II.     STANDARD OF REVIEW

A court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  Consistent with the Supreme Court's ruling in Bell Atlantic Corporation v. Twombly,

and Ashcroft v. Iqbal, the United States Court of Appeals for the Third Circuit requires district

courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion: first, a court

should separate the factual and legal elements of a claim, accepting well-pleaded factual matter

---

[2]   The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b),
provide that any party may file written objections to a magistrate's proposed finding and
recommendations.  In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also
Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject,
or modify, in whole or in part, the findings and recommendations contained in the report.  28
U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

as true and disregarding any legal conclusions; and, second, a court should determine whether

the remaining well-pleaded facts sufficiently demonstrate that a plaintiff has stated a "plausible

claim" for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Facial

plausibility exists when a plaintiff pleads factual content "that allows the court to draw a

reasonable inference that the defendant is liable for the misconduct alleged." Id. When

conducting its analysis, a court must view the complaint's allegations in the light most favorable

to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). A court's

determination on Rule 12(b)(6) review is not whether the non-moving party "will ultimately

prevail," but instead whether that party is "entitled to offer evidence to support the claims."

United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 302 (3d Cir. 2011).

Thus, a court need not find that the plaintiff's claims are "probable," rather, a court need only

discern whether the complaint contains "enough facts to raise a reasonable expectation that

discovery will reveal evidence" consistent with the complaint. Phillips, 515 F.3d at 234.

## III. DISCUSSION

### A. Count One: Access to courts claim

Plaintiff alleges that Defendants Fisher and Workinger violated his constitutional right of

access to the courts by depriving him of his legal papers and records. (Doc. No. 47 ¶¶ 122-123.)

#### 1. Defendant Fisher

Plaintiff alleges that Defendant Fisher violated his constitutional right of access to the

courts. (Id.) Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's access to

courts claim against Defendant Fisher, because Plaintiff fails to allege that Defendant Fisher

played a personal role in the alleged decisions or actions to deprive him of his legal property,

and, Plaintiff does not allege that Defendant Fisher acted with the requisite deliberate

indifference to a policy, practice, or custom which directly caused Plaintiff's alleged harm.

(Doc. No. 78 at 17.)  Plaintiff objects, arguing that although Defendant Fisher may not have been

present at the "initial confiscation" of his legal papers, Plaintiff alleges that Defendant Fisher

"personally took control of the papers and subsequently turned down repeated requests to give

them back," meaning Plaintiff was "denied timely access to legal assistance and legal papers"

essential to his ongoing litigation and challenge to the length of his sentence.  (Doc. No. 79 at 3

(citing Doc. No. 47 ¶¶ 78-80, 109, 110).)  Accordingly, Plaintiff submits that he alleged

Defendant Fisher had "contemporaneous, personal involvement . . . in wrongful retention of

Plaintiff's legal papers and in denials of requests for their return," and the Court should not

dismiss his access to courts claim against Defendant Fisher.  (Doc. No. 79 at 4.)

  "[P]risoners have a constitutional right of access to the courts."  Bounds v. Smith, 420

U.S. 817, 821 (1977).  To state an access to courts claim, a plaintiff must allege (1) that the

conduct complained of was committed by a person acting under color of state law; and (2) that

the conduct deprived him of right of access to the courts.  Muhammed v. Hilbert, 906 F. Supp.

267, 270 (E.D. Pa. 1995).  An inmate must allege "actual injury, such as the loss or rejection of a

legal claim."  Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).  Plaintiff is suing Defendant

Fisher in his supervisory capacity, meaning that he may state a claim in one of two ways: (1) a

supervisor may be liable if, "with deliberate indifference to the consequences, [he] established

and maintained a policy, practice or custom which directly caused the constitutional harm,"  or,

(2) a supervisor may be liable if he participated in violating the plaintiff's rights, directed others

to violate the plaintiff's rights, or, the person in charge, had knowledge of and acquiesced to his

subordinates' violations.  A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572,

586 (3d Cir. 2004) (citation and internal quotation marks omitted); Festa v. Jordan, 803 F. Supp.

2d 319, 325 (M.D. Pa. 2011).  To establish supervisory liability on a "knowledge or

acquiescence" theory, as Plaintiff attempts to do here, he must allege that the defendant had (1)

contemporaneous knowledge of the offending incident or knowledge of similar incidents in the

past, and (2) acted or failed to act in a way that communicated approval of the subordinate's

behavior.  C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000).  The absence of an

underlying constitutional violation precludes supervisory liability under Section 1983.  Crawford

v. Lappin, 446 F. App'x 413, 416 (3d Cir. 2011).

The Court will decline to adopt the Report and Recommendation, and deny Defendant

Fisher's motion to dismiss Count One.  In his amended complaint, Plaintiff alleges that

Defendant Fisher was "personally aware of the irregular confiscation of [his] legal materials by

Sgt. Workinger, because Mr. Powell repeatedly informed Superintendent Fisher both verbally

and in writing and also pleaded for the return of the legal files,"  (Doc. No. 47 ¶ 110), and that

"Superintendent Fisher tolerated and acquiesced in the disregard of DOC policies by Sgt.

Workinger with regard to the confiscation of Mr. Powell's legal files" (Id. ¶ 111).  Although

Magistrate Judge Schwab concluded that Defendant Fisher's "after-the-fact knowledge of such

alleged wrongdoing, through oral communication or written letters or grievances, is not enough

to establish the requisite personal involvement," this legal conclusion runs counter to the

principle that a supervisor may be held liable for "having knowledge of and acquiescing in their

subordinates' violations."  See Cash v. Wetzel, 2014 WL 1244048, at *14 (E.D. Pa. March 26,

2014); Broadwater v. Fow, 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013) ("Mere knowledge and

acquiescence in a subordinate's constitutional violations may also qualify as personal

involvement.") (citation omitted); see also Argueta v. U.S. Immigration & Customs

Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) ("Personal involvement can be shown through

allegations of personal direction or of actual knowledge and acquiescence.") (citation and

quotation marks omitted).  Plaintiff alleges that he contacted Defendant Fisher several times and

requested that he return his legal papers, and Defendant Fisher refused.  (Doc. No. 47 ¶¶ 109,

110.)  Accordingly, at the pleadings stage, the Court finds that Plaintiff has stated an access to

courts claim against Defendant Fisher, and will deny his motion to dismiss Count One.

### 2.   Defendant Workinger

Plaintiff alleges that Defendant Workinger violated his right of access to the courts

because he refused to return four boxes of legal files to Plaintiff, and as a result, Plaintiff "lost

access to documents that he needed in order to effectively litigate his claims in Powell v.

Symons" and he also remained incarcerated beyond his lawful release date.  (Doc. No. 47 ¶¶ 58,

62-63.)  Magistrate Judge Schwab recommends that the Court deny Defendant Workinger's

motion to dismiss Count One.  Defendant Workinger objects on the grounds that "the relevant

court documents clearly show that Plaintiff did not suffer an actual injury to a meritorious

claim," and thus Plaintiff fails to plead actual injury sufficient to state an access to courts claim.

(Doc. No. 80 at 11.)

The same law regarding an inmate's constitutional right of access to the courts discussed

with respect to Plaintiff's claim against Defendant Fisher applies with equal force to Plaintiff's

claims against Defendant Workinger.  Of special concern is the law governing "actual injury,"

which requires that a plaintiff allege he suffered "loss or rejection of a non-frivolous legal claim

regarding sentencing or the conditions of confinement," and that a plaintiff have no other remedy

available to compensate him for the lost chance than the present denial of access suit.  Lewis v.

Casey, 518 U.S. 343, 353 (1996).  To withstand Defendant Workinger's motion, Plaintiff must

allege that his underlying claim is based on "more than mere hope," and he must sufficiently

describe the remedy lost by Defendant Workinger's actions.  Monroe v. Beard, 536 F.3d 198,

205 (3d Cir. 2008) (citation omitted).

The Court overrules Defendant Workinger's objections.  In his amended complaint,

Plaintiff alleges that "[b]ecause Sgt. Workinger withheld the four boxes of legal files, Mr. Powell

could not supply the documentation he needed to establish his correct release date through

correspondence with his sentencing court, a timely petition for writ of mandamus, and a properly

filed petition for writ of habeas corpus."  (Doc. No. 47 ¶ 63; see also ¶ 116(a)-(f).)  Defendant

seeks to discredit Plaintiff's alleged actual injury by arguing that reviewing the case progress of

the legal actions cited in Plaintiff's complaint reveals that Defendant's alleged retention of the

legal materials did not adversely affect Plaintiff's pending legal actions.  (Doc. No. 80 at 9.)  The

Court may take judicial notice[3] of the underlying court dockets without converting Defendants'

pending motion into one for summary judgment.

Although Defendant argues that Plaintiff's legal action Powell v. Symons remains active

---

[3] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6), a court is generally restricted to the allegations of the complaint, exhibits attached to
the complaint, and matters of public record.  Pension Ben. Guar. Corp. v. White Consol.
Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Generally, a trial court has discretion to
address evidence outside of the complaint when ruling on a motion to dismiss without converting
it into a motion for summary judgment.  Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir.
1992); Adkins v. Rumsfeld, 450 F. Supp. 2d 440, 444 (D. Del. 2006) ("Judicial notice of public
records outside the pleadings is also permitted on a motion to dismiss.").

and Plaintiff is represented by counsel in the action, and thus Plaintiff fails to state actual injury, the Court finds this argument does not address the substance of Plaintiff's allegation that he could not effectively assist counsel on appeal between April 19, 2010 and March 30, 2012, and, could not effectively continue his litigation pro se during the period of time he was without counsel.[4]  Moreover, given that Plaintiff alleges he could not address the relevant documentation establishing his correct release date in conjunction with his petition for writ of mandamus to the Pennsylvania Supreme Court, the Court finds that Defendant's argument that Plaintiff's mandamus petition was dismissed summarily may in fact cut in favor of Plaintiff's actual injury claim. (Doc. No. 80 at 10; Doc. No. 57 at 3.)  As Magistrate Judge Schwab writes, "[w]hether Powell can come forward with actual evidence to create a genuine issue of material fact necessitating trial on this claim is another matter;" however, at this point in the case, the Court agrees he has stated a claim.  (See Doc. No. 78 at 27-28.)  Accordingly, the Court overrules Defendant Workinger's objections, will adopt the Report and Recommendation, and deny Defendant Workinger's motion to dismiss Count One.

**B.**     **Count Two: Failure to train and supervise**

Plaintiff alleges that Defendant Fisher violated his Eighth Amendment right to be free of cruel and unusual punishment by failing to provide him reasonable accommodation for his disability; and as a result, Plaintiff was unjustly confined in the Restricted Housing Unit (RHU), Plaintiff was unable to understand the disciplinary charges against him and Pennsylvania Department of Corrections policies, and he was denied access to the law library and his property.

---

[4] Plaintiff proceeded pro se from March 30, 2012 until January 22, 2013, when Plaintiff's attorney first entered an appearance.  Powell v. Symons, 4:07-cv-02225 (M.D. Pa.)  (Doc. No. 205).

(Doc. No. 47 ¶¶ 102-109, 125.)  Magistrate Judge Schwab recommends that the Court grant

Defendant Fisher's motion to dismiss Count Two, because Plaintiff has not pled any underlying

constitutional injury sufficient to state an Eighth Amendment claim.  (Doc. No. 78 at 24.)

Plaintiff objects, arguing that he stated an underlying constitutional injury in that he suffered

"deprivation of property without effective access to due process in the absence of interpretive

assistance."  (Doc. No. 79 at 6.)

    The Eighth Amendment, as enforced against the states through the Fourteenth

Amendment, guarantees humane conditions of confinement.  In order to state an Eighth

Amendment claim, an inmate must allege a "sufficiently serious constitutional deprivation," and

a prison official's deliberate indifference to the risk of constitutional injury.  Farmer v. Brennan,

511 U.S. 825 (1994).  A "sufficiently serious" constitutional deprivation is one which results in

the denial of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452

U.S. 337, 347 (1981).  Prison officials must ensure that inmates receive "adequate food, clothing,

shelter, and medical care, and must take reasonable measures to guarantee the safety of the

inmates."  Farmer, 511 U.S. at 832.  To hold a prison supervisor liable on the grounds that his

policies or practices led to an Eighth Amendment violation, a plaintiff must identify a specific

policy or practice that the supervisor failed to employ, and allege that (1) the existing policy or

practice created an unreasonable risk of Eighth Amendment injury, (2) the supervisor was aware

of the unreasonable risk, (3) the supervisor was indifferent to the risk, and (4) the injury resulted

from the policy or practice.  Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001).

    The Court overrules Plaintiff's objections.  Although the Court acknowledges the

seriousness of Plaintiff's allegations regarding Defendant Fisher's failure to ensure that Plaintiff

had accommodations that would enable him to read and comprehend prison policies and make effective use of the law library, Plaintiff's allegations do not detail any underlying constitutional injury.  First, the Court observes that Plaintiff's allegations regarding accommodations enabling him to more fully use the law library do not constitute an Eighth Amendment violation, see Williams v. Lehigh Dep't of Corr., 79 F. Supp. 2d 514, 518 (E.D. Pa. 1999), which requires that a plaintiff allege he was deprived of "basic human needs, such as food, clothing, shelter, sanitation, medical care, and personal safety."  See Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  Neither do Plaintiff's allegations that he was unjustly confined to the Restricted Housing Unit or that he was denied access to certain boxes containing legal documents rise to the level of an Eighth Amendment violation.  See Griffin, 112 F.3d at 709; Norris v. Davis, No. 10-1118, 2011 WL 1627340, at *6 (W.D. Pa. April 28, 2011) (collecting cases).  Moreover, Plaintiff's objection that his due process claim provides the underlying constitutional injury is also without merit, as the Court will grant Defendants' motion to dismiss Plaintiff's due process claim. Accordingly, the Court overrules Plaintiff's objections, will adopt the Report and Recommendation, and grant Defendant Fisher's motion to dismiss Count Two of Plaintiff's amended complaint.

### C.      Count Three: Due process claim

In Count Three of his amended complaint, Plaintiff alleges that Defendants Fisher and Workinger violated his Fourteenth Amendment right to due process.  (Doc. No. 47 ¶¶ 126-128.)

#### 1.      Defendant Fisher

Plaintiff alleges that Defendant Fisher violated his Fourteenth Amendment right to due process "by failing to provide him with assistance to read and understand DOC policies, leading

to loss of liberty interests and property." (Doc. No. 47 ¶ 127.)  Magistrate Judge Schwab

recommends that the Court grant Defendant Fisher's motion to dismiss because: (1) Defendant

Fisher's alleged failure to follow Pennsylvania DOC policies regarding interpretative assistance

does not violate Plaintiff's right to procedural due process, (2) to the extent that Plaintiff's due

process claim is grounded in his alleged unjust placement in RHU, Plaintiff does not allege that

his placement in RHU subjected him to "atypical and significant hardships in relation to the

ordinary incidents of prison life such that he had a liberty interest protected by the due process

clause." (Doc. No. 78 at 20-22.)  Plaintiff objects, arguing that his "unique circumstances as an

individual with multiple disabilities are not taken into account sufficiently" in the Report and

Recommendation, and that Plaintiff's failure to understand any of the prison policies resulted in

the alleged deprivation of his property.  (Doc. No. 79 at 4-5.)

To state a claim for procedural due process, a plaintiff must allege that (1) she was

deprived of an individual interest that is encompassed within the Fourteenth Amendment's

protection of "life, liberty, or property," and (2) the procedures available to her did not provide

"due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006).  A prison

official's alleged failure to follow DOC policy "does not, in and of itself, result in a violation of

due process," because federal and state regulations do not create a liberty interest in DOC

procedures. Rambert v. Beard, No. 09-0634, 2012 WL 760619, at *13 (M.D. Pa. March 7, 2012)

(citation omitted).  With respect to use of administrative segregation, the case law is clear that no

liberty interest is implicated when the state action does not "present a dramatic departure from

the basic conditions of confinement." Dockery v. Beard, 509 F. App'x 107, 113 (3d Cir. 2013)

(citing Sandin v. Conner, 515 U.S. 472, 484 (1995)); see Wilkinson v. Austin, 545 U.S. 209, 223

(2005).

Plaintiff appears to argue in his objections that because he could not understand or read

DOC policies, i.e., "[w]ithout interpretive assistance, the prison grievance system was not

genuinely available to [him] at all," Plaintiff was therefore deprived of due process.  (Doc. No.

79 at 6.)  Plaintiff does not provide any legal support for his assertion that "absence of

interpretive assistance" can constitute a procedural due process claim.  The Court's inquiry is

limited to whether a "meaningful post-deprivation remedy" was available, see Monroe v. Beard,

536 F. 3d 198, 210 (3d Cir. 2008), and thus the Court finds that Plaintiff fails to state a due

process claim because Plaintiff has not alleged that the prison grievance system was not

available to him.  Moreover, to the extent that Plaintiff attempts to plead that his placement in

the Restricted Housing Unit constitutes a due process violation, Plaintiff has not alleged any

facts that tend to show his placement "present[ed] a dramatic departure from the basic conditions

of confinement," see Sandin, 515 U.S. at 484, and the Court likewise concludes that Plaintiff has

failed to state a due process claim solely on the grounds of his placement in the Restricted

Housing Unit.  Accordingly, the Court will adopt the Report and Recommendation, and dismiss

Count Three of Plaintiff's amended complaint against Defendant Fisher.

### 2.     Defendant Workinger

Plaintiff also alleges that Defendant Workinger violated his due process rights by

"irregularly confiscating his legal files and personal property."  (Id. ¶ 128.)  Magistrate Judge

Schwab recommends that the Court grant Defendant Workinger's motion to dismiss, because the

amended complaint "affirmatively established that Powell was afforded a post-deprivation

remedy," and thus the alleged deprivation of his property does not constitute a violation of

procedural due process. (Doc. No. 78 at 30.) Plaintiff objects, arguing that he could not make "effective use of the grievance system to obtain redress for deprivation of his property," and thus could not access an adequate post-deprivation remedy. (Doc. No. 79 at 5.)

"By requiring the government to follow appropriate procedures when its agents decide to deprive any person of life, liberty, or property, the Due Process Clause promotes fairness in such decisions." Burns v. Alexander, 776 F. Supp. 2d 57, 78 (W.D. Pa. 2011) (citation and quotation marks omitted). An inmate's due process claim based on a state actor's unauthorized deprivation of property is not actionable under Section 1983 unless no adequate post-deprivation remedy was available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). An unfavorable decision on an inmate's grievance does not constitute denial of due process. Austin v. Lehman, 893 F. Supp. 448, 454 n.4 (E.D. Pa. 1995).

The Court overrules Plaintiff's objections. Courts have repeatedly recognized that the Pennsylvania Department of Corrections' prison grievance system provides "adequate post-deprivation remedies to inmates in satisfaction of the Due Process Clause." McEachin v. Beard, 319 F. Supp. 2d 510, 514-515 (E.D. Pa. 2004). Although the Court is sensitive to Plaintiff's complaint that the lack of "interpretative assistance" meant he was unable to prepare coherent grievances regarding the loss of his legal property, Plaintiff does not provide any legal support for his contention that this amounts to a due process violation. Moreover, Plaintiff alleges that he "availed himself of DOC administrative channels by filing very many grievances and requests

13

to staff" (Doc. No. 47 ¶ 39), demonstrating that he had access to an adequate post-deprivation

procedure.  Because the Court's inquiry is whether a "meaningful post-deprivation remedy" was

available, see Monroe v. Beard, 536 F. 3d 198, 210 (3d Cir. 2008), not whether an inmate was

able to fully utilize the post-deprivation process, the Court finds that Plaintiff has failed to state a

due process claim against Defendant Workinger, and will adopt the Report and Recommendation

and dismiss Count Three against Defendant Workinger.

**D.      Counts Four and Five: Exclusion from services of a public entity in violation
of the Americans with Disabilities and Rehabilitation Act**

Plaintiff alleges that Defendant Pennsylvania Department of Corrections denied him

access to a range of services in prison on the grounds of his mental illness and disability, and this

denial violated Title II of the Americans with Disabilities Act and the Rehabilitation Act.[5]  (Doc.

No. 47 ¶¶ 129-132.)  Magistrate Judge Schwab recommends that the Court deny Defendants'

motion to dismiss Count Four and Count Five, because Plaintiff sufficiently alleges he is a

"qualified individual with a disability," and, his "proffered facts in support of this claim also

create a plausible inference of the failure to accommodate his disabilities."  (Doc. No. 78 at 37.)

Defendant Pennsylvania Department of Corrections objects, arguing that Plaintiff has not alleged

fact showing that he was denied services "by reason of disability."  (Doc. No. 80 at 12.)

Defendant appears to argue that because Plaintiff failed to allege that Defendant was aware of

his alleged mental health issues and because "Plaintiff is able to express himself in writing . . . .

[b]ased on Plaintiff's admitted overuse of the grievance system, it is also clear that Plaintiff was

---

[5] Plaintiff relies on the same facts forming the basis of his ADA claim to raise a separate RA claim.  Because Title II of the Americans with Disabilities Act and Rehabilitation Act are co-extensive and generally interpreted identically, the Report and Recommendation does not contain separate analysis of Plaintiff's RA claim.  (Doc. No. 78 at 32 n.4.)

capable of reviewing Department policies when needed," Plaintiff therefore fails to state a claim.

(Doc. No. 80 at 13.)

Title II of the Americans with Disabilities Act provides that "no qualified individual with

a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity. 42 U.S.C. § 12132. To state a Title II claim, a plaintiff must

allege (1) he is a qualified individual, (2) with a disability, (3) he was denied the opportunity to

participate in or benefit from the services, programs, or activities of a public entity, or was

otherwise subject to discrimination by that entity, and (4) the denial was by reason of his

disability. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 n.32 (3d Cir. 2007). A

"qualified individual with a disability" is an individual who, "with or without reasonable

modifications to rules, policies, or practices, . . . or the provision of auxilary aids and services,

meets the essential eligibility requirements for the receipt of services or the participation in

programs or activities provided by a public entity." 42 U.S.C. § 12131(2) (emphasis added).

The Court overrules Defendant Pennsylvania Department of Corrections' objections.

Plaintiff alleges that as a result of Defendant's failure to provide him interpretative assistance

that would account for his mental illness and low intelligence, Plaintiff was denied access to

certain prison activities, programming, and services to which he would otherwise be entitled.[6]

(Doc. No. 47 ¶ 86, 92, 100, 103, 105-106.) Although Defendant attempts to argue that he was

---

[6] See, e.g., Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) ("Modern prisons
provide inmates with many recreational activities, medical services, and educational and
vocational programs, all of which at least theoretically benefit the prisoners (and any of which
disabled prisoners could be excluded from participation in.") (citation and internal quotation
marks omitted).

not denied access to services "by reason of his disability," the Court finds that Defendant's

objection does not comprehend the thrust of Plaintiff's complaint in Counts Four and Five:

Defendant's alleged failure to provide the necessary aids that would ensure Plaintiff had access

to prison services – in spite of his alleged disability – violated Title II of the ADA.  (Doc. No. 78

at 37.)  Accepting these allegations as true, the Court finds that Plaintiff has stated a Title II

claim, will adopt the Report and Recommendation, and deny Defendant Pennsylvania

Department of Corrections' motion to dismiss Counts Four and Five.[7]

## IV.   CONCLUSION

The Court will adopt Magistrate Judge Schwab's Report and Recommendation (Doc. No.

78) in part, and grant in part and deny in part Defendants' motion to dismiss.  An order

consistent with this memorandum follows.

---

[7] Defendants object that Plaintiff cannot bring ADA and RA claims against the defendants in their individual capacities because these individuals are not public entities.  (Doc. No. 80 at 12.)  Counts Four and Five of Plaintiff's amended complaint name only Defendant Pennsylvania Department of Corrections.  Accordingly, the Court overrules that portion of Defendants' objections as moot.