IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | |
|     Plaintiff | : | No. 1:12-cv-01684 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Schwab) |
| | : | |
| JON FISHER, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Before the Court is the August 21, 2015 Report and Recommendation of Magistrate Judge Schwab (Doc. No. 131), in which she recommends denying Defendants' motion for partial summary judgment (Doc. No. 117). In particular, Magistrate Judge Schwab finds that: (1) Plaintiff's evidentiary declaration precludes summary judgment on his access-to-courts, Americans with Disabilities Act (ADA), and Rehabilitation Act (RA) claims; and (2) Defendants waived their right to further consideration of the administrative exhaustion issues in this litigation by failing to file a motion for an evidentiary hearing as required by a case management order. (See Doc. No. 131.) Defendants have objected, arguing that (1) Plaintiff's evidentiary declaration is insufficient to overcome Defendants' proffered evidence that Plaintiff did not fully exhaust his administrative remedies through the inmate grievance process; and (2) that regardless, Defendants are entitled to a trial or evidentiary hearing on the issue of exhaustion. (See Doc. No. 139.)

    With regard to Defendants' first objection – that they are entitled to summary judgment based on the present evidentiary record – the Court finds that Magistrate Judge Schwab correctly

and comprehensively addressed the substance of Defendant's objection in the Report and Recommendation itself.

Defendants' second objection – that Defendants are entitled to a hearing or bench trial on the issue of exhaustion – merits further discussion.  According to the Report and Recommendation, Defendants waived the issue of exhaustion by filing a motion for summary judgment, rather than a motion for an evidentiary hearing, according to a case management order Magistrate Judge Schwab issued on September 10, 2014.  (See Doc. No. 131 at 32-33.)  In that case management order, Magistrate Judge Schwab instructed the parties that the question of Plaintiff's exhaustion of his administrative remedies would be resolved prior to any proceedings on the merits of his underlying access-to-courts, ADA, and RA claims.  (See Doc. No. 108.)  According to that order,

> [I]f neither a motion for summary judgment nor a motion for an evidentiary hearing on the issue of exhaustion is filed on or before January 15, 2015, the Court will deem the defendants to have waived the affirmative defense of exhaustion of administrative remedies.  Further, if a motion for summary judgment is filed by the defendants regarding exhaustion and the Court denies that motion, the defendants may not raise the exhaustion issue at a later time.

(Id. at 4.)  Defendants timely filed the motion for partial summary judgment forming the subject of the present Report and Recommendation.  (See Doc. Nos. 115, 116, 117.)  Magistrate Judge Schwab recommends that the Court deem the exhaustion issue waived because the case management order notifies the parties that such a waiver would occur in the event that a motion for summary judgment is denied.  (See Doc. No. 131 at 32-33.)

However, the Court will not adopt Magistrate Judge Schwab's recommendation that the Court deem the exhaustion issue waived.  The Court recognizes the potential for ambiguity in the case management order upon which Magistrate Judge Schwab has based her recommendation.  (See Doc. No. 108) ("[I]f neither a motion for summary judgment nor a motion for an

evidentiary hearing" is timely filed, "the Court will deem the defendants to have waived the affirmative defense of exhaustion[.]") (emphasis added).  Defendants may have filed a motion for summary judgment believing in good faith that the issue of exhaustion would be the subject of further proceedings in the event that the motion was denied.  Similarly, Defendants could understandably have misread the portion of Magistrate Judge Schwab's order declaring that if the Court denied their summary judgment motion, "the defendants may not raise the exhaustion issue at a later time," to mean that no further <u>motions</u> on the exhaustion issue would be entertained.  Consequently, the Court will not adopt that portion of the Report and Recommendation regarding waiver of the exhaustion defense and will refer this case back to Magistrate Judge Schwab.

  **AND SO**, on this 28th day of March 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court **ADOPTS IN PART** the Report and Recommendation (Doc. No. 131) of Magistrate Judge Schwab;

2. Defendants' motion for partial summary judgment (Doc. No. 117) is **DENIED**; and

3. This matter is **REFERRED BACK** to Magistrate Judge Schwab to facilitate resolution of the genuine issues of material fact surrounding Plaintiff's exhaustion of his administrative remedies and for further pre-trial management.

<u>S/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
