IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | Civil No. 1:12-CV-01684 |
| Plaintiff, | : | |
| v. | : | |
| JON FISHER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is the report and recommendation of Chief United States Magistrate Judge Susan E. Schwab recommending that Defendants' motion for summary judgment be granted as to Defendants Superintendent Jon Fisher ("Fisher") and Sergeant Workinger ("Workinger") for Plaintiff Kevin Powell's ("Powell") access to the courts claim (Count 1), but denied as to Defendant Pennsylvania Department of Corrections ("DOC") as to Plaintiff's Americans with Disabilities Act of 1990 ("ADA") and Rehabilitation Act of 1973 ("RA") claims (Counts 4 and 5). (Doc. 190.) For the reasons that follow, the court declines to adopt the recommendation denying the DOC's summary judgment as to Powell's ADA and RA claims based on 42 U.S.C. § 1997e(e), but adopts the remaining portions of the recommendation in full.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Neither party objected to the facts or procedural history stated in the report and recommendation. Because the court gives "reasoned consideration" to these uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court will only restate the factual background and procedural history necessary for clarity in this opinion. Powell initiated this action in August 2012. (Doc. 1.) Counsel was subsequently appointed for Powell and a counseled amended complaint was filed on April 30, 2013, alleging four claims against Fisher, Workinger, Secretary Wetzel, and the DOC. (Doc. 47.) The court dismissed Secretary Wetzel and Counts 2 and 3 of the amended complaint on June 24, 2014. (Docs. 95–96.)

Defendants Fisher, Workinger, and the DOC moved for summary judgment on February 28, 2019, arguing that Plaintiff's access to the courts claim (Count 1) fails as he unable to establish an injury, and that Plaintiff's ADA and RA claims (Counts 3 and 4) fail because he was not denied any requested accommodation and his claim is moot. (*See* Docs. 177, 179.) The motion was fully briefed before Judge Schwab issued the report and recommendation on July 11, 2019. (Docs. 184–189.) In the report and recommendation, Judge Schwab recommends that summary judgment be granted in favor of Defendants Fisher and Workinger as to

Powell's access to the courts claim. (Doc. 190, pp. 21–26.)[1] As to the ADA and RA claims, Judge Schwab construes these claims as failure to accommodate claims. (*Id.* at 29–30.) She recommends that Powell's claim for injunctive relief be dismissed as moot, but recommends that the DOC is not entitled to summary judgment on the damages claim based on 42 U.S.C. § 1997e(e), and on the merits of the ADA and RA claims on the basis that Powell received assistance from other inmates in connection with his disciplinary proceeding. (*Id.* at 31–38.)

On July 15, 2019, Defendants objected to the recommendations relating to Powell's ADA and RA claims. (Docs. 193–194.) Plaintiff opposed Defendants objections, and Defendants timely filed a reply. (Docs. 195–196.)

Powell's claims stem from four boxes of property that Powell, a former state prisoner, attempted to send home from SCI-Smithfield in September 2010, as well as his assertion that the DOC failed to accommodate his disabilities.[2] (Doc. 190, pp. 7–8, 17–21.) Powell was diagnosed with delusional disorder in 2009 in connection with a criminal case, and DOC records list Powell's IQ as 70. (*Id.* at 17.) While Powell can write, his reading and spelling abilities are limited,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] The four boxes of property contained all of Powell's possession, including his legal paperwork. (Doc. 190, p. 7.) In June 2014, the DOC returned some of Powell's property to his attorney. (*Id.* at 10.) Because the facts surrounding this property relate to Powell's access to the courts claim, and the court is adopting that recommendation in full, the court will not repeat Judge Schwab's factual findings here.

requiring him to rely on others for assistance. (*Id.* at 18.) During his incarceration, other inmates would assist Powell in reading documents and write out what Powell should say on grievances so he could copy the statement in his own handwriting. (*Id.* at 17–18.) Specifically, this assistance from other inmates occurred while Powell was incarcerated in the Restricted Housing Unit ("RHU") at SCI-Smithfield from about September 21, 2010, until his transfer to SCI-Fayette on December 7, 2010. (*Id.* at 15–17.) Powell's cellmate assisted him in reading misconduct findings and sanctions, in addition to helping Powell write and file a misconduct appeal. (*Id.* at 17.) While confined in the RHU, Powell lost access to the library, chapel services, hot meals with friends, exercise, and conversations in the yard. (*Id.*) Additionally, he "lost access to most of his possessions," as he was only permitted to have one box at a time versus inmates in general population who were permitted to keep four boxes of possessions in their cells. (*Id.*)

DC-ADM 006 is the DOC policy providing for reasonable accommodations for inmates with disabilities. (*Id.* at 18.) This policy outlines the process for requesting an inmate-disability accommodation, which includes submitting a form to the Correctional Health Care Administrator ("CHCA") at the facility, or arranging for an official form to be generated. (*Id.* at 18–20.) Besides requesting an accommodation, all inmates are screened for disabilities upon entering the DOC system and when transferred to a different DOC institution. (*Id.* at 19.) Completed

accommodation request forms go through a review process by the CHCA and are reviewed by the superintendent of the DOC institution.  (*Id.* at 19–20.)  William Dreibelbis, R.N., the CHCA at SCI-Smithfield, testified that he reviewed the logs for all formal and informal inmate disability accommodation requests, and no one requested a disability accommodation for Powell at SCI-Smithfield.  (*Id.*)  The Intra-System Transfer Reception Screening forms completed at SCI-Smithfield and SCI-Fayette also lacked any mention of claimed or observed disabilities.  (*Id.* at 20–21.)

## STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper."  *Weidman*

*v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

### B. Summary Judgment

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law, and is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). With that in mind, the non-moving party must provide "affirmative evidence, beyond the allegations of the pleadings," in support of its

right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004).

## DISCUSSION

### A. The uncontested portions of the report and recommendation are adopted.

The parties do not object to the following opinions and recommendations by Judge Schwab. Judge Schwab recommends that summary judgment be granted in Defendants Fisher and Workinger's favor as to Powell's access to the courts claim (Count 1), based on her conclusion that Powell has not established an actual injury to his right of access to the courts. (Doc. 190, pp. 21–26.) As a threshold issue for Powell's ADA and RA claims, Judge Schwab construed these claims as failure to accommodate claims as previously discussed in the report and recommendation following the exhaustion hearing. (*Id.* at 29–30 (citing Doc. 153, pp. 42–45)). Judge Schwab further opined that Powell's request for injunctive relief was moot because Powell finished his sentence, was released from DOC custody, and there was no reasonable likelihood that he would be confined by the DOC again. (*Id.* at 31–33.)

After giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Judge Schwab's analysis is well-reasoned and fully supported by the record and applicable law. *See City of Long*

*Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878). The court will adopt these portions of the report and recommendation in full.

### B. The court declines to adopt the recommendation denying summary judgment to the DOC based on 42 U.S.C. § 1997e(e).

In Defendants' summary judgment motion, the DOC argued that it was entitled to summary judgment on Powell's ADA and RA claims because Powell did not allege or establish a physical injury associated with the alleged failure to accommodate his disability as required to obtain monetary damages by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). (Doc. 179, p. 12.) Opposing this contention, Plaintiff argued that section 1997e(e) only applies when a plaintiff asserts a mental or emotional injury, which Plaintiff did not do in this case, and thus, monetary damages are an available remedy. (Doc. 189, pp. 12–13.)

In the report and recommendation, Judge Schwab opined:

> Although Powell does not here specify what types of relief he is seeking or the basis for such relief, the DOC has not filed a reply brief to respond to Powell's assertion that his claims are not for mental or emotional injury. At this point, the parties have failed to crystalize for the court the type and basis of the damages at issue in this case. Thus, we cannot conclude that the DOC is entitled to summary judgment on the basis of § 1997e(e).

(Doc. 190, pp. 34–35.) The DOC objects to this conclusion arguing that the amended complaint clearly seeks monetary relief in the form of compensatory and punitive damages, as well as injunctive relief, which is now moot. (Doc. 194, pp. 6–7.) Due to the lack of physical injury, the DOC contends that Powell is

8

precluded from recovering damages for mental or emotional injuries, and has not asserted any other physical or non-physical basis for the recovery of compensatory damages. (*Id.* at 7.) In opposition to the DOC's objections, Powell sets forth several arguments, many of which are irrelevant to the actual issues raised by Defendants.[3] (*See* Doc. 195.) Specific to his ADA and RA claims, Powell argues that Judge Schwab previously characterized his injury as a "denial of services," which is now the law of the case and the substance of Powell's injury here. (*Id.* at 7.)

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."[4] 42 U.S.C. § 1997e(e). Under the PLRA, claims for compensatory damages for a violation of the ADA are barred without the identification of any possible physical

---

[3] In a disorganized fashion, Powell sets forth several arguments that do not address Defendants' objections. Specifically, Powell argues that: (1) Defendants attempt to introduce new arguments in the guise of objections; (2) Defendants waived de novo review because they failed to cite any specific part of the report and recommendation; (3) Defendants are rearguing their motion for summary judgment which is an inappropriate use of objections; and (4) Defendants ask the court to grant summary judgment in their favor, rather than review specific portions of the report and recommendation. (Doc. 195, pp. 3–9.)

[4] Section 1997e(e) of the PLRA was amended effective March 7, 2013, to add "or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e) (2013) (amending 42 U.S.C. § 1997e(e) (1996)). Because Powell's claims do not involve the commission of a sexual act, the amendment has no effect on Powell's ADA and RA claims.

9

injury.  *Rauso v. Sutton*, No. 99-cv-2817, 2004 WL 1207640, at *11 (E.D. Pa. Mar. 30, 2004) (finding that plaintiff was disabled under the ADA but dismissing the claim because plaintiff could not identify any possible physical injury for compensatory damages); *see also C.G. v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 (3d Cir. 2013) ("With limited exceptions, the same legal principles govern ADA and RA claims.").  While Powell does not specifically allege any mental or emotional injuries, the amended complaint demands compensatory and punitive damages generally "for the injuries caused by the acts and omissions of Defendants," and is otherwise devoid of any specific injuries for Powell's ADA and RA claims.  (*See* Doc. 47, p. 23.)  Furthermore, the statement of undisputed material facts set forth by both parties lack any mention of any injury to Powell.  (*See* Docs. 178, 184.)  Only in response to Defendants' objections does Powell assert that a "denial of services" is his injury.

After eight years of litigating this case, Powell is still unable to articulate any compensable injury for his ADA and RA claims.  Following *Rauso v. Sutton*, even assuming that Powell has a qualifying disability under the ADA and RA, Powell has not identified a compensable injury.  Thus, following de novo review and applying the summary judgment standard, the court sustains the DOC's objection and declines to adopt the report and recommendation on this ground.  Furthermore, the court notes that Powell's claim for punitive damages is barred by

the ADA and RA, which precludes claims for punitive damages against government defendants such as the DOC. *Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 457–58 (3d Cir. 2001). Accordingly, the DOC is entitled to summary judgment as to recovery for compensatory and punitive damages on Powell's ADA and RA claims (Counts 4 and 5), and Powell is limited to the recovery of nominal damages and attorney's fees at trial.

### C. The court adopts the recommendation that the DOC did not show its entitlement to summary judgment on the basis that Powell received assistance from other inmates in connection with his disciplinary proceeding.

Defendants argued in their motion for summary judgment that Powell's ADA and RA claims fail because the only accommodation he sought was assistance with his legal matters, which he received by other inmates helping him file grievances, request slips, and lawsuits. (Doc. 179, pp. 12–13.) In response, Powell argued that no authority supports Defendants' contention that the ADA and RA can only be violated when an entity withholds an accommodation that a plaintiff has specifically requested. (Doc. 189, pp. 13–14.) Judge Schwab subsequently opined that the DOC was not entitled to summary judgment on Powell's ADA and RA claims because the parties failed to develop arguments regarding whether the assistance Powell received from other inmates qualified as an accommodation. (Doc. 190, pp. 35–38.)

The DOC objects to this portion of the report and recommendation, arguing that the only accommodation Powell requested was help with his legal matters, which he received. (Doc. 194, pp. 8–11.) However, the DOC spent significantly more time developing this argument and raising new arguments in support of this contention in its objections than it did before Judge Schwab. (*Compare* Doc. 179, pp. 12–13 (setting forth its argument in one paragraph), *with* Doc. 194, pp. 8–11 (devoting nearly four pages to this argument)). The report and recommendation process does not entitle the DOC to a second bite of the apple when it failed to raise and develop arguments before the magistrate judge. *Dowell v. Bayview Loan Servs. LLC*, No. 16-CV-02026, 2017 WL 4230924, at *2 n.1 (M.D. Pa. Sept. 25, 2017) (declining to address arguments not raised before the magistrate judge). Nonetheless, following de novo review, the court agrees with Judge Schwab's conclusion, and adopts this portion of the report and recommendation.

## Conclusion

For the reasons stated herein, the court declines to adopt Judge Schwab's recommendation regarding Powell's ADA and RA claims based on 42 U.S.C. § 1997e(e), but adopts the remaining recommendations in full. Accordingly, the

court will grant the DOC's motion for summary judgment in part and deny the motion in part. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 21, 2020